# Exhibit E

INTERCEPT MEDIA v. NATIONAL PARK SERVICE, U.S. DEPARTMENT OF THE INTERIOR  (S.D.N.Y. 23-CV-10922)

*VAUGHN* INDEX

| BATES STAMPED PAGES | DATE (if marked) | TITLE AND/OR DESCRIPTION OF DOCUMENT | FULLY OR PARTIALLY WITHHELD | EXEMPTIONS CLAIMED | DESCRIPTION OF WITHHELD MATERIAL | JUSTIFICATION FOR WITHHOLDING |
|---|---|---|---|---|---|---|
| 00002 | 3/21/2022 | Report of Investigation: Synopsis | partial | 6, 7(c) | Narrative description of alleged misconduct that was subject of investigation, including names of individual(s) allegedly involved, as well as other individual(s) who may have been witness to alleged misconduct at issue in investigation. | Individuals mentioned in investigatory files, whether suspects or witnesses, have a strong privacy interest in not being associated unwarrantedly with alleged misconduct. Mere mention in such a file carries a stigmatizing connotation, and could cause personal and professional embarrassment, as well as potential harassment. The privacy interest of subject(s) is higher to the extent some or all allegations are not ultimately substantiated. This high personal privacy interest outweighs the minimal cognizable public interest in a single, localized investigation of alleged misconduct by low-level, non-supervisory agency personnel. Because this description of alleged misconduct includes personal information concerning suspect(s) and witness(es), as well as detailed descriptions of their alleged actions and statements, mere redaction of personal references would be insufficient to protect the privacy interests of the individuals involved. Personal information, descriptions of locations and events, and mention of facts that would reasonably only be known by a few specific individuals would, particularly when combined with information already in the public record, serve to identify individuals in this context, in which alleged events under investigation took place within a very small agency office and/or within a very small community. |
| 00003-00004 | n.d. | Report of Investigation: Violations | full | 6, 7(c) | Description of alleged misconduct that was subject of investigation, including references to internal and external regulations and policies. | Individuals mentioned in investigatory files, whether suspects or witnesses, have a strong privacy interest in not being associated unwarrantly with alleged misconduct. Mere mention in such a file carries a stigmatizing connotation, and could cause personal and professional embarrassment, as well as potential harassment. The privacy interest of subject(s) is higher to the extent some or all allegations are not ultimately substantiated. This high personal privacy interest outweighs the minimal cognizable public interest in a single, localized investigation of alleged misconduct by low-level, non-supervisory agency personnel. Description of alleged misconduct could, along with personal information in other parts of investigatory file would, particularly when combined with information already in the public record, serve to reveal the identity of subject(s), and associate them with specific acts of alleged misconduct that were being investigated. |

1

| | | | | | |
|---|---|---|---|---|---|
| 00005 n.d. | Report of Invesitgation: Complainant, Identity of Employee, Identity of Witnesses, Date and location of incident, Jurisdiction, Description and Date of Training | partial | 6, 7(c) | Identities of subject(s) and witness(es), including names, addresses, phone numbers, supervisor name(s), description and date(s) of training. | Individuals mentioned in investigatory files, whether suspects or witnesses, have a strong privacy interest in not being associated unwarrantedly with alleged misconduct. Mere mention in such a file carries a stigmatizing connotation, and could cause personal and professional embarrassment, as well as potential harassment. This high personal privacy interest outweighs the minimal cognizable public interest in a single, localized investigation of alleged misconduct by low-level, non-supervisory agency personnel. |
| 00007 n.d. | Report of Investigation: map with caption | partial | 6, 7(c) | Name of individual(s) in map caption | Individuals mentioned in investigatory files, whether suspects or witnesses, have a strong privacy interest in not being associated unwarrantedly with alleged misconduct. Mere mention in such a file carries a stigmatizing connotation, and could cause personal and professional embarrassment, as well as potential harassment. The high personal privacy interest outweighs the minimal cognizable public interest in a single, localized investigation of alleged misconduct by low-level, non-supervisory agency personnel. |
| 00008 n.d. | Report of Investigation: photographs | full | 6, 7(c) | Three photographs with descriptive captions | Individuals mentioned in investigatory files, whether suspects or witnesses, have a strong privacy interest in not being associated unwarrantedly with alleged misconduct. Mere mention in such a file carries a stigmatizing connotation, and could cause personal and professional embarrassment, as well as potential harassment. The privacy interest of subjects(s) is higher to the extent some or all allegations are not ultimately substantiated. The high personal privacy interest outweighs the minimal cognizable public interest in a single, localized investigation of alleged misconduct by low-level, non-supervisory agency personnel. Both the images and the captions would serve to directly, or in combination with other information in the file or publically available, to potentially identify individuals in this context, in which events took place within a very small agency office and/or within a very small community. |

| Bates | Date | Description | Withheld | Exemptions | Contents | Justification |
|---|---|---|---|---|---|---|
| 00009-00024 | n.d. | Report of Invesitgation: Investigative Narrative | partial | 6, 7(c) | Investigator narrative, including names of witness(es); quotations and paraphrase from interview transcripts and written statements of subjects(s) and witness(es); witness-provided evidence; and evidence collected from NPS cell phones issued to agency employees. | Individuals mentioned in misconduct investigation files, whether suspects or witnesses, have a strong privacy interest in not being associated unwarrantedly with alleged misconduct. Mere mention in such a file carries a stigmatizing connotation, and could cause personal and professional embarrassment, as well as potential harassment. The privacy interest of subject(s) is higher to the extent some or all allegations are ultimately not substantiated. The high personal privacy interest outweighs the minimal cognizable public interest in a single, localized investigation of alleged misconduct by low-level, non-supervisory agency personnel. Because this narrative describing the course of the investigation includes personal information concerning suspect(s) and witness(es), as well as detailed descriptions of their actions and statements, mere redaction of personal references would be insufficient to protect the privacy interests of the individuals involved. Personal information, descriptions of locations and events, and mention of facts that would reasonably only be known by a few specific individuals would, particularly when combined with information already in the public record, serve to identify individuals in this context, in which events took place within a very small agency office and/or within very a small community. |
| 00025-00026 | n.d. | Report of Investigation: Findings; List of Attachments | partial | 6, 7(c) | Description of investigator's findings with regards to misconduct allegations. Descriptions of contents of 17 of the 18 attachments to the Report of Investigation, which are further discussed in entries below. | Individuals mentioned in misconduct investigation files, whether suspects or witnesses, have a strong privacy interest in not being associated unwarrantly with alleged misconduct. Mere mention in such a file carries a stigmatizing connotation, and could cause personal and professional embarrassment, as well as potential harassment. This high personal privacy interest outweighs the minimal cognizable public interest in a single, localized investigation of alleged misconduct by non-senior agency personnel. Because this is description of findings includes personal information concerning suspect(s) and witness(es), as well as detailed descriptions of their actions and statements, mere redaction of personal references would be insufficient to protect the privacy interests of the individuals involved. Personal information, descriptions of locations and events, and mention of facts that would reasonably only be known by a few specific individuals would serve to identify the individual in this context, in which events took place within a very small agency office and/or within a very small community. |

3

| Bates | Date | Description | Withholding | Exemption | Content | Justification |
|---|---|---|---|---|---|---|
| 00075-00076 | n.d. | Attachment 2: Citation and text of Federal Regulation | full | 6, 7(c) | Citation and text of federal regulation implicated by alleged misconduct that was subject of the investigation | Individuals mentioned in misconduct investigation files, whether suspects or witnesses, have a strong privacy interest in not being associated unwarrantedly with alleged misconduct. Mere mention in such a file carries a stigmatizing connotation, and could cause personal and professional embarrassment, as well as potential harassment. The privacy interest of subject(s) is higher to the extent some or all allegations are ultimately not substantiated. The high personal privacy interest outweighs the minimal cognizable public interest in a single, localized investigation of alleged misconduct by low-level, non-supervisory agency personnel. Provision of text of this specific federal regulation, along with information in other parts of investigatory file and/or the public record, could serve to reveal the identity of subject(s), and associate them with specific acts of alleged misconduct that are the subject of the investigation. |
| 00077 | n.d. | Attachment 3: cover page | partial | 6, 7(c) | Specific citation of code of conduct sections that were implicated by alleged misconduct that was subject of the investigation | Individuals mentioned in misconduct investigation files, whether suspects or witnesses, have a strong privacy interest in not being associated unwarrantedly with alleged misconduct. Mere mention in such a file carries a stigmatizing connotation, and could cause personal and professional embarrassment, as well as potential harassment. The privacy interest of subject(s) is higher to the extent some or all allegations are ultimately not substantiated. This high personal privacy interest outweighs the minimal cognizable public interest in a single, localized investigation of alleged misconduct by low-level, non-senior agency personnel. Provision of specific code of conduct citation, along with information in other parts of investigatory file and/or the public record, could serve to reveal the identity of subject(s), and associate them with specific acts of alleged misconduct that are the subject of the investigation. |
| 00080-00081 | 8/3/2017 | Attachment 4: Citation and text of Federal Regulation | full | 6, 7(c) | Citation and text of federal regulation that was implicated by alleged misconduct that was the subject of the investigation | Individuals mentioned in misconduct investigation files, whether suspects or witnesses, have a strong privacy interest in not being associated unwarrantedly with alleged misconduct. Mere mention in such a file carries a stigmatizing connotation, and could cause personal and professional embarrassment, as well as potential harassment. The privacy interest of subject(s) is higher to the extent some or all allegations are ultimately not substantiated. The high personal privacy interest outweighs the minimal cognizable public interest in a single, localized investigation of alleged misconduct by low-level, non-supervisory agency personnel. Provision of text of this specific federal regulation, together with information in other parts of investigatory file and the public record, could serve to reveal the identity of subject(s), and associate them with specific acts of alleged misconduct that are the subject of the investigation. |

| Bates | Date | Document | Release | Exemptions | Description | Justification |
|---|---|---|---|---|---|---|
| 00082-00089 | 3/7/2022 | Attachment 5: Investigative Activity Report | partial | 6, 7(c) | Investigator's description and summary of interview with witness, including direct quotation and paraphrase, evidence provided by witness, and personal information about witness and other individuals, including subject(s), other witnesses, and other community members | Individuals mentioned in misconduct investigation files, whether suspects or witnesses, have a strong privacy interest in not being associated unwarrantedly with alleged misconduct. Mere mention in such a file carries a stigmatizing connotation, and could cause personal and professional embarassment, as well as potential harassment. This high personal privacy interest outweighs the minimal cognizable public interest in a single, localized investigation of alleged misconduct by low-level, non-supervisory agency personnel. Because this is a detailed summary of an interview with a witness, mere redaction of personal references would be insufficient to protect the privacy interests of the individual. Personal information, descriptions of locations and events, and mention of facts that would reasonably only be known by a few specific individuals would serve to identify the witness and other individuals mentioned in this context, in which events took place within a small agency office and/or within a small community. Syntax and language use in direct quotations would also serve potentially to identify the witness. |
| 00090-00153 | n.d. | Attachment 6: Interview Transcript | full | 6, 7(c) | Complete transcript of interview with witness cited in above entry | Individuals mentioned in misconduct investigation files, whether suspects or witnesses, have a strong privacy interest in not being associated unwarrantedly with alleged misconduct. Mere mention in such a file carries a stigmatizing connotation, and could cause personal and professional embarassment, as well as potential harassment. The high personal privacy interest outweighs the minimal cognizable public interest in a single, localized investigation of alleged misconduct by low-level, non-supervisory agency personnel. Because this is a transcript of a interview, mere redaction of personal references would not be sufficient to protect the privacy interests of the interviewee or other individuals mentioned. Context, as well as syntax, language usage, and mention of facts that would reasonably only be known by a few specific individuals would serve to identify the witness, in this context, in which events took place within a small agency office and/or within a small community. |

5

| Bates | | Date | Description | Withholding | Exemption | Document Type | Justification |
|---|---|---|---|---|---|---|---|
| 00154-00158 | | 2/24/2022 | Attachment 7: Written Notes | full | 6, 7(c) | Written statement of witness including witness provided photographs | Individuals mentioned in misconduct investigation files, whether suspects or witnesses, have a strong privacy interest in not being associated unwarrantedly with alleged misconduct. Mere mention in such a file carries a stigmatizing connotation, and could cause personal and professional embarassment, as well as potential harassment. The high personal privacy interest outweighs the minimal cognizable public interest in a single, localized investigation of alleged misconduct by low-level, non-supervisory agency personnel. Because this is a written statement by a witness, mere redaction of personal references would not be sufficient to protect the privacy interests of the witness or other individuals mentioned. Context, as well as syntax, language usage, and mention of facts that would reasonably only be known by a few specific individuals would serve to identify both the witness and other individuals in this context, in which events took place within a small agency office and/or within a small community. Release of the attendant images would also serve to reveal the identity of the witness. |
| 159-160 | | 2/23/2022 | Attachment 8 | full | 6, 7(c) | Document signed by witness | Individuals mentioned in misconduct investigation files, whether suspects or witnesses, have a strong privacy interest in not being associated unwarrantedly with alleged misconduct. Mere mention in such a file carries a stigmatizing connotation, and could cause personal and professional embarassment, as well as potential harassment. The privacy interest of subject(s) is higher to the extent some or all allegations are ultimately not substantiated. This high personal privacy interest outweighs the minimal cognizable public interest in a single, localized investigation of alleged misconduct by low-level, non-supervisory agency personnel. Because this document includes the signature of a witness, and because specific form of the document would serve to reveal the personal circumstances of the witness and circumstances of the investigation that are not publically known, the document has been withheld in full. |

| Bates | Date | Document | Withholding | Exemptions | Description | Justification |
|---|---|---|---|---|---|---|
| 00161-00165 | 3/9/2022 | Attachment 9: Investigative Activity Report | full | 6, 7(c) | Investigator's description and summary of interview with witness, including direct quotation and paraphrase, and personal information about witness and other individuals, including subject(s) other witness(es), and other community members | Individuals mentioned in misconduct investigation files, whether suspects or witnesses, have a strong privacy interest in not being associated unwarrantedly with alleged misconduct. Mere mention in such a file carries a stigmatizing connotation, and could cause personal and professional embarrassment, as well as potential harassment. The high personal privacy interest outweighs the minimal cognizable public interest in a single, localized investigation of alleged misconduct by low-level, non-supervisory agency personnel. Because this is a detailed summary of an interview with a witness, mere redaction of personal references would be insufficient to protect the privacy interests of the individual. Personal information, descriptions of locations and events, and mention of facts that would reasonably only be known by a few specific individuals would serve to identify the witness and other individuals mentioned in this context, in which events took place within a small agency office and/or within a small community. Syntax and language use in direct quotations would also serve potentially to identify the witness. |
| 00166-00209 | 2/23/2022 | Attachment 10: Interview Transcript | full | 6, 7(c) | Complete transcript of investigator's interview with witness cited in above entry | Individuals mentioned in misconduct investigation files, whether suspects or witnesses, have a strong privacy interest in not being associated unwarrantedly with alleged misconduct. Mere mention in such a file carries a stigmatizing connotation, and could cause personal and professional embarrassment, as well as potential harassment. The high personal privacy interest outweighs the minimal cognizable public interest in a single, localized investigation of alleged misconduct by low-level, non-supervisory agency personnel. Because this is a transcript of a interview, mere redaction of personal references would not be sufficient to protect the privacy interests of the interviewee or other individuals mentioned. Context, as well as syntax, language usage, and mention of facts that would reasonably only be known by a few specific individuals would serve to identify the witness and other individuals mentioned, in this context, in which events took place within a small agency office and/or within a small community. |

| Bates | Date | Description | Withholding | Exemptions | Content | Justification |
|---|---|---|---|---|---|---|
| 00210-00211 | 2/24/2022 | Attachment 11 | full | 6, 7(c) | document signed by witness | Individuals mentioned in misconduct investigation files, whether suspects or witnesses, have a strong privacy interest in not being associated unwarrantedly with alleged misconduct. Mere mention in such a file carries a stigmatizing connotation, and could cause personal and professional embarassment, as well as potential harassment. The high personal privacy interest outweighs the minimal cognizable public interest in a single, localized investigation of alleged misconduct by non-senior agency personnel. Because this document includes the signature of the signature of a witness, and because specific form of the document would serve to reveal personal circumstances of the witness and the circumstances of the investigation that are not publically known, the document has been withheld in full. |
| 00212-00215 | 3/8/2022 | Attachment 12: Investigative Activity Report | full | 6, 7(c) | Investigator's description and summary of interview with witness, including direct quotation and paraphrase, and personal information about witness and other individuals, including subject(s), witness(es), and other community members | Individuals mentioned in misconduct investigation files, whether suspects or witnesses, have a strong privacy interest in not being associated unwarrantedly with alleged misconduct. Mere mention in such a file carries a stigmatizing connotation, and could cause personal and professional embarassment, as well as potential harassment. The high personal privacy interest outweighs the minimal cognizable public interest in a single, localized investigation of alleged misconduct by low-level, non-supervisory agency personnel. Because this is a detailed summary of an interview with a witness, mere redaction of personal references would be insufficient to protect the privacy interests of the individual. Personal information, descriptions of locations and events, and mention of facts that would reasonably only be known by a few specific individuals would serve to identify the witness and other individuals mentioned in this context, in which events took place within a small agency office and/or within a small community. Syntax and language use in direct quotations would also serve potentially to identify the witness. |

| Bates | Date | Document | Withholding | Exemptions | Description | Justification |
|---|---|---|---|---|---|---|
| 00216-00249 | 2/24/2022 | Attachment 13: Interview Transcript | full | 6, 7(c) | Complete transcript of investigator's interview with witness cited in above entry | Individuals mentioned in misconduct investigation files, whether suspects or witnesses, have a strong privacy interest in not being associated unwarrantedly with alleged misconduct. Mere mention in such a file carries a stigmatizing connotation, and could cause personal and professional embarassment, as well as potential harassment. The high personal privacy interest outweighs the minimal cognizable public interest in a single, localized investigation of alleged misconduct by low-level, non-supervisory agency personnel. Because this is a transcript of a interview, mere redaction of personal references would not be sufficient to protect the privacy interests of the interviewee or other individuals mentioned. Context, as well as syntax, language usage, and mention of facts that would reasonably only be known by a few specific individuals would serve to identify the witness and other individuals mentioned in this context, in which events took place within a small agency office and/or within a small community. |
| 00250-00253 | 3/17/2022 | Attachment 14: Investigative Activity Report | full | 6, 7(c) | Investigator's description and summary of interview with witness, including direct quotation and paraphrase, and personal information about witness and other individuals, including subject(s), other witness(es), and other community members | Individuals mentioned in misconduct investigation files, whether suspects or witnesses, have a strong privacy interest in not being associated unwarrantedly with alleged misconduct. Mere mention in such a file carries a stigmatizing connotation, and could cause personal and professional embarassment, as well as potential harassment. This high personal privacy interest outweighs the minimal cognizable public interest in a single, localized investigation of alleged misconduct by low-level, non-supervisory agency personnel. Because this is a detailed summary of an interview with a witness, mere redaction of personal references would be insufficient to protect the privacy interests of the individual. Personal information, descriptions of locations and events, and mention of facts that would reasonably only be known by a few specific individuals would serve to identify the witness and other individuals mentioned in this context, in which events took place within a small agency office and/or within a small community. Syntax and language use in direct quotations would also serve potentially to identify the witness. |

| | | | | | | |
|---|---|---|---|---|---|---|
| 254-275 | n.d. | Attachment 15: Interview Transcript | full | 6, 7(c) | Complete transcript of investgator's interview with witness cited in above entry | Individuals mentioned in misconduct investigation files, whether suspects or witnesses, have a strong privacy interest in not being associated unwarrantedly with alleged misconduct. Mere mention in such a file carries a stigmatizing connotation, and could cause personal and professional embarrassment, as well as potential harassment. The high personal privacy interest outweighs the minimal cognizable public interest in a single, localized investigation of alleged misconduct by low-level, non-supervisory agency personnel. Because this is a transcript of a interview, mere redaction of personal references would not be sufficient to protect the privacy interests of the interviewee or other individuals mentioned. Context, as well as syntax, language usage, and mention of facts that would reasonably only be known by a few specific individuals would serve to identify the witness and other individuals mentioned in this context, in which events took place within a small agency office and/or within a small community. |
| 00276-00279 | n.d. | Attachemnt 16: Transcript of phone call | full | 6, 7(c) | Complete transcript of phone call conducted in connection with investigation | Individuals mentioned in misconduct investigation files, whether suspects or witnesses, have a strong privacy interest in not being associated unwarrantedly with alleged misconduct. Mere mention in such a file carries a stigmatizing connotation, and could cause personal and professional embarrassment, as well as potential harassment. This high personal privacy interest outweighs the minimal cognizable public interest in a single, localized investigation of alleged misconduct by low-level, non-supervisory agency personnel. Because this is a transcript of a interview, mere redaction of personal references would not be sufficient to protect the privacy interests of the interviewee or other individuals mentioned. Context, as well as syntax, language usage, and mention of facts that would reasonably only be known by a few specific individuals would serve to identify the witness, in this context, in which events took place within a small agency office and/or within a small community. |

| Bates | Date | Description | Withholding | Exemption | Content | Justification |
|---|---|---|---|---|---|---|
| 00280-00296 | n.d. | Attachment 17: Cell phone records | full | 6, 7(c) | records of communications from NPS cellphone issued to agency employee | Individuals mentioned in misconduct investigation files, whether suspects or witnesses, have a strong privacy interest in not being associated unwarrantly with alleged misconduct. Mere mention in such a file carries a stigmatizing connotation, and could cause personal and professional embarassment, as well as potential harassment. The privacy interest of subject(s) is higher to the extent some or all allegations are ultimately not substantiated. The high personal privacy interest outweighs the minimal cognizable public interest in a single, localized investigation of alleged misconduct by low-level, non-supervisory agency personnel. Because these are records of specific communciations, mere redaction of personal references would be insufficient to protect the privacy interests of the individuals who made or received the communications. Information in these records would serve to identify subject(s), witness(es), and other individuals in this context, in which events took place within a small agency office and/or within a small community. |
| 00296-00297 | 1/30/2022 | Attachment 18: Image | full | 6, 7(c) | image from NPS cellphone issued to agency employee, including time and date | Individuals mentioned in misconduct investigation files, whether suspects or witnesses, have a strong privacy interest in not being associated unwarrantedly with alleged misconduct. Mere mention in such a file carries a stigmatizing connotation, and could cause personal and professional embarassment, as well as potential harassment. The privacy interest of subject(s) is higher to the extent some or all allegations are ultimately not substantiated. The high personal privacy interest outweighs the minimal cognizable public interest in a single, localized investigation of alleged misconduct by non-senior agency personnel. Information in this image and associated text would serve to identify individuals in this context in which events took place within a small agency office and/or within a small community. |