UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE INTERCEPT MEDIA INC., *et al.*,

                         Plaintiffs,

      -v-

NATIONAL PARK SERVICE, *et al.*,

                         Defendants.

23 Civ. 10922 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Intercept Media, Inc., publisher of *The Intercept* news site, and Ryan Devereaux, a reporter at *The Intercept* (collectively, "Intercept"), bring this action against the United States National Park Service and the Department of the Interior (collectively, the "NPS") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Intercept seeks disclosure of an investigative file related to an investigation by the NPS's Office of Professional Responsibility ("OPR") in connection with the January 2022 killing of a gray wolf near the northern boundary of the Yellowstone National Park. Invoking FOIA Exemptions 6 and 7(C), which shield from disclosure certain kinds of personnel information and law enforcement records, respectively, the NPS has withheld approximately 247 pages of the 296-page investigative file. Pending now are the parties' cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. Having reviewed the parties' pleadings and submissions, the Court's judgment is that its *ex parte*, *in camera* inspection of the single record at issue—the investigative file—is warranted to enable the Court fully to resolve whether the NPS's withholdings are permissible under Exemptions 6 and 7(C).

FOIA empowers courts to "examine the contents of . . . agency records *in camera* to determine whether such records or any part thereof shall be withheld under any of the [statutory] exemptions . . . ." 5 U.S.C. § 552(a)(4)(B). Although *in camera* review "is considered the exception, not the rule," the decision to conduct it is ultimately "entrusted" to the court's discretion. *Local 3, Int'l Bhd. of Elec. Workers, AFL-CIO v. NLRB*, 845 F.2d 1177, 1180 (2d Cir. 1988); *see also, e.g., Lam Lek Chong v. DEA*, 929 F.2d 729, 735 (D.C. Cir. 1991) (recognizing "broad discretion of the trial court judge" to conduct *in camera* review (quoting *Carter v. Dep't of Commerce*, 830 F.2d 388, 392 (D.C. Cir. 1987))). Courts permissibly exercise their discretion to employ *in camera* review when the agency's "reasons for withholding [are] vague or where the claims to withhold [are] too sweeping . . . , or where it might be possible that the agency ha[s] exempted whole documents simply because there was some exempt material in them." *Halpern v. FBI*, 181 F.3d 279, 292 (2d Cir. 1999); *accord Lead Indus. Ass'n v. OSHA*, 610 F.2d 70, 85 (2d Cir. 1979) ("[W]here the record is vague or the agency claims too sweeping . . . a District Court should conduct an *in camera* examination to look for segregable non-exempt matter."); *Quinon v. FBI*, 86 F.3d 1222, 1228 (D.C. Cir. 1996) (courts "have repeatedly noted that *in camera* review may be particularly appropriate when either the agency affidavits are insufficiently detailed to permit meaningful review of exemption claims . . . .").

Such is the case here. Intercept has raised colorable arguments that the NPS has withheld information (1) without adequately justifying its non-disclosure, and (2) without sufficiently explaining why any unprotected information is not reasonably segregable from information that *is* exempted from the agency's otherwise broad duty of disclosure. FOIA requires that the NPS disclose "[a]ny reasonably segregable portion of a record . . . after deletion of the portions which are exempt." 5 U.S.C. § 552(b). See 5 U.S.C. § 552(b); *see also, e.g., New York Times Co. v.*

*U.S. Dep't of Justice*, 756 F.3d 100, 117 (2d Cir. 2014); *ACLU v. FBI*, No. 11 Civ. 7562 (WHP), 2015 WL 1566775, at *3 (S.D.N.Y. Mar. 31, 2015) ("[A]ny portions of a document that fall outside of FOIA's exemptions must be disclosed unless they are inextricably intertwined with the exempt material." (internal quotation marks omitted)). Although the NPS—at the Court's direction—has submitted a *Vaughn* index, Dkt. 19, the agency's generalized assertions therein do not enable the Court meaningfully to assess Intercept's claims that the NPS's redactions are unjustified by the privacy interests it cites and/or overbroad, *see, e.g., Halpern*, 181 F.3d 290–91 ("The agency seeking to justify the withholding of information may satisfy the *Vaughn* standard by submitting affidavits to the court that describe with reasonable specificity the nature of the documents at issue and the justification for nondisclosure; the description provided in the affidavits must show that the information logically falls within the claimed exemption." (citing *Vaughn v. Rosen*, 484 F.2d 820, 824–25 (D.C.Cir.1973))). The *Vaughn* index does not permit the Court to assess, for example, why the privacy interests of the witnesses interviewed in connection with the investigation would not be sufficiently protected by redacting their names and any identifying elements, rather than withholding *en masse all* factual information elicited from them, as the NPS appears to have done. *Cf. Hopkins v. U.S. Dep't of Hous. & Urban Dev.*, 929 F.2d 81, 85 (2d Cir. 1991) (holding that district court's decision not to conduct *in camera* review was an abuse of discretion where agency "asserted in a conclusory fashion" that any nondisclosed factual material was "inextricably intertwined" with exempt material).

Accordingly, the Court itself will inspect the withheld portions of the investigative file. The Court directs the NPS forthwith—specifically, by the end of the day Wednesday, November 20, 2024—to submit an unredacted hard copy of the investigative file to the Court's chambers and to email a unredacted copy of that file to EngelmayerNYSDchambers@nysd.uscourts.gov

3

for *in camera* review. To facilitate potential appellate review, the Court further directs NPS counsel to file a copy of the investigative file under seal, to be accessible only to the Court and any reviewing court.

SO ORDERED

Paul A. Engelmayer
United States District Judge

Dated: November 18, 2024
   New York, New York